UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80641-cv-MIDDLEBROOKS

GET FIT FAST SUPPLEMENTS, LLC,
a Florida Limited Liability Company,

      Plaintiff,

v.

RICHPIANAUNCENSORED.COM, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

**<u>ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION</u>**

THIS CAUSE comes before the Court *sua sponte*. Defendant removed this case to this Court from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on May 15, 2019. (DE 1). Though the Complaint states only state-law claims, Defendant alleges that the Court can exercise federal-question jurisdiction over this lawsuit because it implicates federal trademark law. On May 21, 2019, I ordered supplemental briefing on jurisdiction. Both Parties responded to the Court's order on June 3, 2019. (DE 6; DE 7). For the reasons set forth below, I find that this Court does not have subject-matter jurisdiction over this matter and I dismiss the Notice of Removal.

**I.     BACKGROUND**

Defendant is a wholly owned subsidiary of Five Percent Nutrition LLC ("Five Percent"), a company that develops, markets, and sells nutritional supplements. (Notice of Removal, DE 1, hereinafter NOR, ¶ 6). Plaintiff sells nutritional supplements on Amazon.com ("Amazon"), and has for more than two years sold products that it alleges are authentic Five Percent products.

(Complaint, DE 1 at 10–14, hereinafter Compl., ¶ 7, 10).  Defendant alleges that Plaintiff is not an authorized reseller of Five Percent products and that the products being sold by Plaintiff are counterfeit Five Percent products.  (NOR ¶¶ 7–9).

Defendant alerted Amazon that Plaintiff had violated Amazon's terms of service by selling counterfeit products.  (Compl. ¶ 12).  Amazon subsequently removed Plaintiff's listings for all of its Five Percent products and temporarily suspended one of Plaintiff's seller accounts.  (Compl. ¶ 13, 17).  As a result, Plaintiff brought this suit in state court, seeking a declaratory judgment that Plaintiff's Five Percent products are authentic.  (Compl. ¶¶ 21–26).  The Complaint additionally includes a cause of action against Defendant for tortious interference with Plaintiff's relationship with Amazon.

Though Plaintiff only brought state-law causes of action in its Complaint, Defendant removed the case to this Court on the basis that it implicates trademark law.  Specifically, Defendant asserts that any authentic Five Percent product is marked with one or more Five Percent trademarks; as a result, "the declaratory relief being sought by the Plaintiff can only be adjudicated through the evaluation of whether the products sold by Plaintiff bore a counterfeit of a federally-registered trademark."  (DE 7 ¶ 30).

## II.     LEGAL STANDARD

Any civil action brought in a state court can be removed by a defendant to federal court if the action could have been brought in federal court originally.  28 U.S.C. § 1441(a).  Removal jurisdiction is construed narrowly and "all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  The burden of proving that federal jurisdiction exists is on the removing defendant.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Willams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). A plaintiff can thus avoid federal jurisdiction by stating only state-law claims for relief, even where a federal claim is also available. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

Even if a plaintiff has only pled state-law claims, federal courts may exercise subject-matter jurisdiction over a state-law claim if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The question of whether a stated federal issue is substantial is determined by "the importance of the issue to the federal system as a whole" rather than by the importance of the issue to the litigants. *Gunn v. Minton*, 568 U.S. 251, 260 (2013). To determine the importance of the issue to the federal system, courts look to three factors: (1) whether the question presents legal or factual issues; (2) whether the determination at issue will control many other cases; and (3) whether the government has a strong interest in litigating in a federal forum. *See MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013). An issue is more likely to present a substantial federal question if it presents a purely legal question, if the determination will control in many other cases, and if the government has a strong interest in litigating in a federal forum. *Id.*

### III.     DISCUSSION

Because Plaintiff chose to bring its suit in state court and pursuant to state law, I may only exercise jurisdiction over this case if it raises a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.  I find that any trademark issues inherent in this lawsuit do not present a substantial federal question.  Accordingly, I find that I do not have jurisdiction over this suit.

A given legal issue is more likely to present a substantial federal question when (1) it is a purely legal, rather than factual, question; (2) the determination of the issue will control many other cases; and (3) the government would have a strong interest in litigating it in a federal forum. *See MDS (Canada)*, 720 F.3d at 842.  Here, none of these requirements are met.

Trademark infringement is a highly fact-bound inquiry.  In order to show that a federally-registered trademark has been infringed, the registrant must show that (1) the mark was used in commerce without the registrant's consent and (2) the unauthorized use was likely to cause confusion or mistake.  *Optimum Tech., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007).  In order to show unfair competition under the federal trademark laws, a trademark owner must show that (1) it had a trademark right to the mark at issue and (2) the other party adopted a mark that was the same or confusingly similar, such that it was likely to cause confusion.  *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1265 (11th Cir. 2016).  The question of whether an allegedly infringing mark is likely to cause confusion is highly fact-bound, which means that any question of whether a specific mark has been infringed is less likely to present a substantial federal question.  Furthermore, because infringement is a fact-bound question, it is unlikely to control in many other cases.

Additionally, the government likely does not have a strong interest in litigating in a federal forum. The issue presented by this case does not implicate the federal government's conduct or policies, and it does not call into question the validity of any federal laws. *See Gunn*, 568 U.S. at 260–264 (analyzing whether the government has a strong interest). It implicates only the legal rights of the parties to the litigation. Moreover, "[s]tate and federal courts are expressly given concurrent jurisdiction over claims involving infringement of a federally registered trademark." *Dunlap*, 381 F.3d at 1292 n.11 (citing 28 U.S.C. § 1338(a)). Given Congress's explicit delegation of concurrent jurisdiction over trademark claims to state and federal courts, the state courts are perfectly equipped to hear and decide this matter.

Overall, the question of substantiality is intended to retain in federal court only those issues that are of importance to the entire federal system, such as those that will control the outcome of future cases. *See MDS (Canada)*, 720 F.3d at 842 (finding that a patent dispute did not present a substantial federal question because it was "heavily fact-bound" and "unlikely to control any future cases"). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. Any trademark question implicated herein is of no import to the federal system as a whole; whether Plaintiff has infringed upon Defendant's trademarks or unfairly competed with Defendant is a question that only impacts these specific parties. This case simply does not present the type of significant, determinative question of federal law that would confer jurisdiction.

Having found that this case does not present a substantial federal question, I find that I do not have subject-matter jurisdiction over this case. Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Defendant's Notice of Removal (DE 1) is **DISMISSED** for lack of subject-matter jurisdiction.

(2) Plaintiff's Motion for Remand (DE 6) is **GRANTED**.

(3) This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

(4) The Clerk of Court shall **CLOSE this CASE** and **DENY** all pending motions **AS MOOT**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 9th day of August, 2019.

Donald M. Middlebrooks
United States District Judge

Cc:   Counsel of record